Binder v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-447-CR

WILLIE RAY BINDER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Willie Ray Binder appeals his conviction for attempted murder.  Appellant contends that, because of inconsistences in the testimony presented at trial and the total lack of physical evidence to link him to the crime, the evidence is legally and factually insufficient to support the jury’s verdict.  
We will affirm.

The evidence reveals that, although appellant was married, he had been seeing Erytta Dumas and another woman named Tonia.  In the spring of 2000, Tonia became pregnant with his child.  By May of  2000, Dumas and appellant’s wife were also pregnant.  Several days before the shooting, Dumas had arranged a three-way phone call with appellant’s wife and Tonia to discuss the situation. 

At trial, the State presented the tape of the 9-1-1 call Dumas placed at approximately 6:00 on the morning of the shooting.  On the tape, Dumas stated that her “ex-boyfriend” had shot her in the head about forty-five minutes
 to
 one hour prior to making the call.  However, she told the dispatcher that she had not been unconscious.  The dispatcher then asked her to identify her “boyfriend,” and Dumas named appellant.  She stated that she had let him in her residence, but that he was no longer there.  The responding officers testified that all of the doors and windows were locked, and there were no signs of forced entry.  To police, it appeared as though Dumas knew her assailant. 

Dumas testified that, on the morning of the shooting, appellant phoned her around 1:30 a.m. and asked her to come to the door.  After letting him in the residence, she and appellant went into the living room to talk.  As she walked toward the love seat, appellant said, “[W]hy do you have to be so spiteful?” and then shot her.  She testified that just before he shot her, she heard him sigh and cock a gun.  The last thing she remembers is hearing what sounded like “firecrackers.”  Dumas  sustained two gunshot wounds to the head, one to the throat, one to the left breast, one to the stomach, and one to the leg.  
When she woke up, she was lying on the love seat.  Although she told the 9-1-1 operator that she had been shot approximately one hour earlier, Dumas testified that she really could not say how much time had elapsed between the time of the shooting and when she placed the phone call. 

In his statement to police, appellant admitted going to Dumas’s residence on the morning in question.  He stated that he left her house around 2:30 in the morning and returned home.  At approximately 7:00 that morning, he helped his wife load their son into their vehicle so she could leave for work.  Sometime after 9:00 a.m., appellant stated that he phoned Dumas four times, but received no answer.  He claimed that he did not have a gun and did not shoot a gun on the morning Dumas was shot. 

Applying the appropriate standards of review,
(footnote: 2) we hold that the evidence is both legally and factually sufficient to support the jury’s verdict.
(footnote: 3)  
The jury is the sole judge of the facts, the witnesses’ credibility, and the weight to be given to the evidence.
(footnote: 4)  Reconciliation of conflicting testimony is within the jury’s province.
(footnote: 5)  Further, due to the victim’s testimony, the lack of physical evidence in this case does not make the evidence insufficient to support the conviction.  Therefore, we overrule appellant’s points and affirm the trial court’s judgment.  

PER CURIAM

PANEL F: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[Delivered February 13, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Emery v. State
, 881 S.W.2d 702, 705 (Tex. Crim App. 1994), 
cert. denied
, 513 U.S. 1192 (1995); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993) (both providing legal sufficiency standard of review); 
Santellan v. State
, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996)
 (both providing factual sufficiency standard of review).

3:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis
, 922 S.W.2d at 134.

4:
Flores v. State
, 47 S.W.3d 397, 407 (Tex. App.—Waco 2001, pet. ref’d).

5:
Id
.